UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
FRANCIS AULETA,                           )
                                          )
           Plaintiff,                    )
                                          )
           v.                            )   Civil Action No. 11-2131 (RWR)
                                          )
UNITED STATES DEPARTMENT                  )
OF JUSTICE *et al.*,                      )
                                          )
           Defendants.                   )
_____ )

MEMORANDUM OPINION

      Plaintiff, a New York state prisoner, sues the United States Department of Justice, Civil Rights Division, "by and through" Attorney General Eric Holder and five DOJ employees for their alleged "failure . . . to discharge affirmative duties imposed" by federal law and DOJ regulations.[1] Am. Compl. [Doc. # 14-1]. Plaintiff alleges that the New York State Department of Corrections and Community Supervision ("DOCCS") has refused to protect the rights of "any non-mainstream religion and/or persons such as [p]laintiff whom do not contain a sufficient amount, according to DOCCS' policies, of Native-American blood-lineage." Am. Compl. ¶ 1. He sues the DOJ defendants for declining "to intervene" in the alleged discriminatory and retaliatory practices of the DOCCS employees. *Id*. Plaintiff invokes the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc; Title VI of the Civil Rights Act of

---

[1] In addition to Attorney General Holder, plaintiff names the Chief of the Coordination and Review Section, the Chief of the Special Litigation Section, and three Investigators, all of whom he purports to sue in their official and individual capacities. *See* Am. Compl. Caption. Plaintiff voluntarily dismissed the amended complaint brought against New York Governor Andrew M. Cuomo and New York Attorney General Eric Schneiderman in May 2012. *See* Not. of Dismissal of State Defendants pursuant to Rule 41(a)(1)(i) [Doc. # 18].

1

1964, 42 U.S.C. § 2000d ("Prohibition against exclusion from participation in, denial of benefits of, and discrimination under Federally assisted programs on ground of race, color, or national origin"); and 42 U.S.C. § 3789d ("Prohibition of Federal control over State and local criminal justice agencies; prohibition of discrimination"). *Id*.

Pending is the Federal Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Doc. # 20]. Plaintiff has opposed the motion. *See* Mem. of P. & A. Supp'g Pl.'s Opp'n to Federal Defendant's Mot. to Dismiss, and in Supp. of Pl.'s Cross-Mot. for Remand of Compl. [Doc. ## 27, 28]. Because the challenged decisions are not subject to judicial review, and no claim has been stated against the federal officials in their personal capacity, this case will be dismissed. Consequently, plaintiff's pending motion for a default judgment [Doc. # 31] will be denied, and defendants' motion to vacate or set aside the entries of default [Doc. # 33] will be granted. *See* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.").

BACKGROUND

The relevant facts alleged are as follows. Plaintiff is a practitioner of the Wicca religion, a legally ordained Shaman, Medicine Man or Witch Doctor, and an "open advocate . . . for forms of non-mainstream religions, and the [f]reedom of those whom practice these religions to exercise their right to do so[.]" Am Compl. ¶¶ 27, 29. Plaintiff's religion "is based on Native American and Wiccan beliefs and practices." *Id*. ¶ 5(b). At an unspecified time, plaintiff wrote an "opinion article to the United States Commission on Civil Rights," which "took it upon themselves to ask the DOJ to inquire into the issues set forth in the [a]rticle, and to report their findings to the 'Commission.' " *Id*. ¶¶ 29-30. As a result, plaintiff received a complaint packet

from DOJ in April 2009 and submitted "a detailed complaint" to DOJ documenting nearly eight years of abusive conduct by DOCCS staff toward prisoners seeking to practice non-traditional religions. *Id.* ¶¶ 32-34. Plaintiff contends that his submission "triggered the mandatory duty of the DOJ to intervene and protect [p]laintiff from unlawful retaliation, and unlawful discrimination." *Id.* ¶ 35. Among other wrongs, plaintiff states: to "stifle [his] advocacy and practices, in October of 2008[,] DOCCS' Staff confined [him] for wearing a religious amulet, and ultimately caused [his removal] from 'accommodating' facilities, to non-accommodating facilities rampant with discriminatory views" and suppressive tactics. *Id.* ¶ 31.

Plaintiff filed the initial complaint in the U.S. District Court for the Northern District of New York, which transferred the case here in November 2011 upon determining that the DOJ defendants located in the District of Columbia were "the only remaining [d]efendants" and the "only allegations of wrongdoing contained in the Complaint occurred, if at all, in the District of Columbia." *Auleta v. DOJ*, No. 9:11-CV-0951 (N.D.N.Y. Nov. 29, 2011) (Dec. and Order at 5 [Doc. # 7]) ("Nov. 29, 2011 Dec."). It was noted that plaintiff had pending in the Western District of New York two separate civil actions arising from "the alleged misconduct by DOCCS staff and [Assistant Attorney General Toni] Logue with respect to the violation of his right to practice his religion." *Id.* at 2, n.3.

On September 5, 2013, the Clerk of Court entered defaults against DOJ employees Merrily A. Friedlander, John Smith, N'zinga Adelona, Ayanna Brown, and Anthony Gales based on their failure to appear and defend against the complaint, which purportedly was served upon each defendant in his or her individual capacity on March 27, 2012. *See* Defaults [Doc. # 30].

DISCUSSION

I.  DEFAULT MOTIONS

The record shows that the individual-capacity summonses were delivered to Deputy Director Shauna Robinson at DOJ headquarters.  *See* Process Receipts and Returns [Doc. # 12].  The United States argues correctly that the returns are not proof of service sufficient to exercise personal jurisdiction over the individual defendants absent any evidence that Robinson was "an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e); *see* Def.'s Mot. to Vacate or Set Aside Default Entry and Opp'n to Pl.'s Mot. for Default J. at 6-8 [Doc. # 33]; *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("[D]efendants in [personal-capacity] *Bivens* actions must be served as individuals, pursuant to Rule 4(e).") (citing cases); *see also Ali v. Mid-Atlantic Settlement Services*, Inc., 233 F.R.D. 32, 35-36 (D.D.C. 2006) (discussing personal service requirements); *Leichtman v. Koons*, 527 A.2d 745, 747 (D.C. 1987) ("Delivery to [defendant's] place of business falls into none of the[] categories" for perfecting personal service in the District of Columbia pursuant to Fed. R. Civ. P. 4(e)(1)).

In addition, none of the three factors considered in deciding a motion to vacate a default—whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense is meritorious--weighs in plaintiff's favor.  *Acree v. Republic of Iraq*, 658 F. Supp. 2d 124, 127 (D.D.C. 2009) (citation and internal quotation marks omitted).  The first factor is negated by the lack of proof of proper service upon the individual defendants.  The remaining two factors are negated by the ensuing resolution of the complaint consistent with the " 'strong policy favoring the adjudication of a case on its merits,' " *id.* (quoting *Strong–Fisher v. LaHood*, 611 F. Supp. 2d 49, 51 (D.D.C. 2009) (other citation omitted), namely, that DOJ's

decision whether to investigate plaintiff's claims is not subject to judicial review and that the complaint fails to state a claim against the individual defendants. Hence, the defendants' motion to vacate or set aside the defaults will be granted.

II. DISMISSAL MOTION

Rule 12(h)(3) requires a federal court to dismiss a case when it determines upon motion filed under Rule 12(b)(1) or otherwise that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Generally, " '[b]efore a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.' " *Cornish v. Dudas*, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting *Marshall v. Honeywell Tech. Solutions, Inc.*, 675 F. Supp. 2d 22, 24 (D.D.C. 2009)). It is the plaintiff's burden to demonstrate subject matter jurisdiction. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). If the plaintiff cannot meet his burden, the action must be dismissed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

In considering a motion to dismiss, "the complaint's factual allegations [are treated] as true" and the plaintiff receives "the benefit of all inferences that can be derived from the facts alleged." *Nat'l Whistleblower Ctr. v. Department of Health and Human Services*, 839 F. Supp. 2d 40, 44 (D.D.C. 2012) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)) (internal quotation marks omitted). *See Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (on a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and "the truth of all well-pleaded allegations" is assumed). However, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the plaintiff's factual allegations [are given] closer scrutiny when resolving a Rule 12(b)(1) motion

than would be required for a Rule 12(b)(6) motion[.]" *Aref v. Holder*, 774 F. Supp. 2d 147, 159 (D.D.C. 2011); *accord Brookens v. United States*, 981 F. Supp. 2d 55, 60 (D.D.C. 2013).

Rule 12(b)(6) provides that " '[a] complaint can be dismissed . . . when a plaintiff fails to state a claim upon which relief can be granted.' " *Howard Univ. v. Watkins*, 857 F. Supp. 2d 67, 71 (D.D.C. 2012) (quoting *Peavey v. Holder*, 657 F. Supp. 2d 180, 185 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6)). "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (the factual allegations " 'must suggest a plausible scenario that shows that the pleader is entitled to relief' ") (quoting *Jones v. Horne*, 634 F. 3d 588, 595 (D.C. Cir. 2011)) (other citation omitted). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" *Twombly*, 550 U.S. at 555. However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Brookens*, 981 F. Supp. 2d at 61.

A.  <u>The claim against DOJ</u>

The complaint arises from the alleged "refusal" of DOJ to investigate plaintiff's claims of religious discrimination and retaliation by DOCCS employees. The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or

civil prosecution.  As a general rule, such decisions are not subject to judicial review in a case like this one.  *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-82 (D.C. Cir. 1995); *see accord Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (citing cases); *Martinez v. U.S.*, 587 F. Supp. 2d 245, 248-49 (D.D.C. 2008) (same); *see also* 5 U.S.C. § 701(a) (excepting from review under the Administrative Procedure Act "agency action [] committed to agency discretion by law").  Indeed, the Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (listing cases).  While it is true that the Attorney General's discretion may be restricted by statute, *see Shoshone-Bannock Tribes*, 56 F.3d at 1481 (citing cases), none of the statutes plaintiff invokes curtails such discretion.  Hence, the claim against DOJ and the DOJ officials in their official capacity will be dismissed under Rule 12(b)(1);[2] consequently, plaintiff's motion to remand the complaint to DOJ for further consideration [Doc. # 28] will be denied.

    B.  <u>The individual-capacity claim</u>

Although the individual defendants have not appeared in the case, dismissal of the individual-capacity claims is compelled by the screening provisions of the Prison Litigation Reform Act.  The Act requires immediate dismissal of a prisoner's complaint against "a governmental entity or officer or employee" upon a determination that it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a)-(b)(1).

---

[2]   The more complicated jurisdictional question of whether plaintiff has standing to sue, *see* Defs.' Mem. of P. & A. at 6-10, will not be addressed.  *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("The defect of standing is a defect in subject matter jurisdiction.").

Although the original complaint sought only equitable relief, *see* Compl. Caption [Doc. # 1], the Northern District of New York construed the complaint as brought in part under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Nov. 29, 2011 Dec. at 5-6. *Bivens* establishes "an implied private action for damages against federal officers alleged to have violated [one's] constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see Patel v. Phillips*, 933 F. Supp. 2d 153, 167 (D.D.C. 2013) (discussing proper venue "[i]n a *Bivens* action, where federal government officials are sued in their individual capacities"). If found liable, a *Bivens* defendant "becomes personally responsible for satisfying the judgment, although in some instances the government may indemnify him." *Simpkins*, 108 F.3d at 369 (citing 28 C.F.R. § 50.15(c)) (DOJ's indemnification provision). "Critical to a *Bivens* claim is an allegation 'that the defendant federal official was personally involved in the illegal conduct.' " *Ballard v. Holinka*, 601 F. Supp. 2d 110, 120 (D.D.C. 2009) (quoting *Simpkins*, 108 F.3d at 369); *see Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The U.S. Court of Appeals for the District of Columbia Circuit has reasoned that dismissing a meritless *Bivens* claim notwithstanding defective service is consistent "with the Supreme Court's instruction to lower federal courts 'to weed out' insubstantial *Bivens* suits 'expeditiously.' " *Simpkins*, 108 F.3d at 370 (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

Plaintiff's claim premised on the federal defendants' failure to carry out a statutory obligation to investigate his claims does not rise to the level of a constitutional violation. In addition, plaintiff seeks injunctive and declaratory relief, *see* Am. Compl. at 31-32, whereas a

successful *Bivens* plaintiff is entitled to monetary damages only.  *See Davis v. Passman*, 442 U.S. 228, 245 (1979) (the remedy in a *Bivens* action "is damages or nothing.") (citation and internal quotation marks omitted); *Simpkins*, 108 F.3d at 369 ("*Bivens* actions are for damages.").  Hence, the *Bivens* claim will be dismissed under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the federal defendants' motion to dismiss will be granted and the plaintiff's separate motions for a default judgment and to remand the complaint to DOJ will be denied.  A separate final order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE:  February 20, 2015                    Chief Judge